## COUNTRYMAN v. PENNYPACKER.

### No. 1706.

District Court, E. D. Pennsylvania.
April 7, 1942.

Carl C. Countryman, of Philadelphia, Pa., in pro. per.

Isaac A. Pennypacker, of Philadelphia, Pa., in pro. per.

GANEY, District Judge.

The plaintiff, Carl C. Countryman, filed a complaint against the defendant, the gist of which is that the plaintiff was severely damaged by the use of the words "America First" by Charles A. Lindbergh in a speech under the auspices of the America First Committee of Philadelphia on the evening of May 29, 1941. The plaintiff claims that the term was first used by him in a booklet copyrighted and entitled "America and Destiny" and by reason thereof he was "entitled to a monopoly of that title". I say the gist of the statement of claim is as indicated since the statement is most incongruous and repetitious. To this a motion to dismiss was filed by the defendant wherein he averred that the complaint while tantamount to an infringement of the plaintiff's alleged copyright of "America First", yet nowhere was there set forth that he had secured a copyright to the title or words "America First", but only that the booklet, "America and Destiny", was copyrighted. The plaintiff pleaded his own cause of action and instead of directing his attention to the issue involved under the pleadings, made a long harangue against the America First Committee, with repeated admonitions from the court, and finally the court decided to postpone further argument for a period of two weeks until counsel was secured by the plaintiff to represent him. At that time the plaintiff again without consulting counsel filed what he termed a demurrer to motion to dismiss wherein he avers inter alia, "that immediately after the start of the action by him on August 19, 1941, he removed from his address, which had been 1020 Callowhill Street, to 802 North 16th Street, Philadelphia, and that he had notified the postal authorities of his change of address", but that he had never received a copy of the motion to dismiss. However in the affidavits filed by the defendant it was set forth that every attempt had been made to serve the motion to dismiss upon the plaintiff and that they were not only unable to find him but those associated with the rooming house where he lived did not know where he was and no forwarding address was left at the United States Post Office. However, in his so-called demurrer to motion to dismiss he admitted that on October 8, 1941, he received a copy of the motion to dismiss through the mail, and the hearing was not held until more than a month later on November 17, 1941, which gave him ample opportunity to prepare

himself for the argument as well as secure counsel.

In view of the incoherent statements set forth in the complaint and filed by the plaintiff, the motion to dismiss is allowed and the so-called demurrer to motion to dismiss is stricken from the record.